### THE INHABITANTS OF BRISTOL
*v.*
### THE INHABITANTS OF MARBLEHEAD.

The *Stat.* 1817. *c.* 13. removes the disability of a Deputy Sheriff to serve pro-
cess in which the town where he resides is a party, not only from the depu-
ty resident in such town, but from the Sheriff, and from all his other dep-
uties.

THE defendants in this case pleaded in abatement of the writ, that it was served by a Deputy Sheriff in the county of *Essex* who was an inhabitant of *Salem ;* and that at the time of the commencement of the action and service of the writ, there was another Deputy Sheriff for said county by the name of *Rhea,* who was an inhabitant of said *Marblehead ; by whom,* or by some Coroner of the county of *Essex,* the writ ought to have been served. To this plea there was a demurrer and joinder.

*Bellard,* in support of the demurrer, contended that the *Stat.* 1817. *c.* 13. merely enlarged the powers of the Sheriff and his deputies, authorizing them to do acts, which before the statute, they were disabled to do, by reason of their interest. The Sheriff, before the Statute, might serve process on any corpora-tion of which neither he nor his deputy was a member. Wherev-er the deputy alone was a corporator, the Sheriff was disabled to serve, because of his connection with the deputy, they con-stituting in law but one person. This interest the Statute re-moves as to the deputy ; and of consequence removes it as to the Sheriff also ; and as to every other deputy ; for whatever one deputy of the Sheriff may do, every other may do, being equally disinterested.

*Allen,* for the defendants.

Before the *Stat.* 1817. *c.* 13. the writ must have been served

Bristol *v.* Marblehead.

by a Coroner, if the Sheriff or his deputy lived in the town. The disability of these officers arose from their being members of the corporation, not from their relation to each other. The Statute enlarges the powers of corporators *only ;* but gives no new powers. Before the Statute, the Sheriff could not serve process on a corporation, if his deputy were a corporator. The law has removed this restriction, so far as regards the officer resident in a town which is interested, or party to the suit; but leaves it on all others as it was before.

MELLEN C. J. The *Stat.* 1783. *c.* 43. describing the duty and power of Coroners, declares that " every Coroner within " the county for which he is appointed, shall serve all writs and " precepts, when the Sheriff or either of his deputies shall be a " party to the same." In the case of *Brewer v. New-Gloucester,* 14 *Mass.* 206. it was decided that each inhabitant of a town is a *party* within the meaning of the Statute. In that case the writ was served by the Sheriff of *Cumberland,* one of his deputies being an inhabitant of *New-Gloucester* at the time of the service. Soon after this decision, the *Stat.* 1817. *c.* 13. was passed, empowering Sheriffs, Deputy-Sheriffs, Coroners and Constables to make service and return of all writs and processes to them duly directed, in which towns or districts *of which they are inhabitants are parties or interested,* any law to the contrary notwithstanding.

By the *letter* of this last act, no power was given to any other deputy sheriff in the county of *Essex* to serve the writ in this action, except a deputy living in *Marblehead ;*—that is, to one of the parties to this suit. But to construe the act in this restricted manner, would seem disrespectful to the legislature which passed it. We cannot believe that they intended thereby to declare that a *disinterested* deputy, living in any *other* town in the county, could not be considered so well qualified and so suitable an officer to serve the process, as an inhabitant of the town sued, and one, of course, directly *interested in the event of the suit.* By a fair and reasonable construction of the act, therefore, taken in connection with the *Stat.* 1783. *c.* 43. we must consider it as intended generally to remove the disability arising from the interest which an inhabitant of a town has in a suit in favour of or against the corporation of which he

is a member ; and to enable a deputy sheriff to serve a writ or execution against or in favour of a town, though another deputy sheriff might be one of the inhabitants.   The construction contended for by the defendant would lead to singular consequences, and seem to involve absurdities.   For instance, a deputy sheriff living in *Marblehead* could *legally* serve the process, and yet the Sheriff, living in *Haverhill*, and being the officer from whom the deputy has received his commission, and derived his official authority, could *not* make such service.

Indeed we can find no other sensible mode of construing the law than that which we have adopted ; and according to this view of it, the writ was legally served.

*Respondeat ouster* awarded.